DEPARTMENT OF CORRECTIONS — PAYMENT OF COURT COSTS There is a mandatory duty on the institution in which the prisoner is housed to pay the costs and expenses set forth in 22 O.S. 1277 [22-1277] (1971). The required payments under 22 O.S. 1277 [22-1277] (1971), should be made to the Court Clerk, who then can disburse to the appropriate persons as is done in typical criminal and civil proceedings. It is mandatory that the payments be made from the funds provided for the support and maintenance of the particular institution in which the person charged is a prisoner. Concerning a past payment to the counties, the failure of the institution to certify to the prosecuting attorney that there were sufficient funds on hand should have no effect if, in fact, there were sufficient funds for the payment of these costs and expenses. As to future payments, however, no payment should be made until the statutory requirement of certification is met. This is to acknowledge receipt of your opinion request wherein you ask four questions: "1. Is there a mandatory duty on the Department of Corrections or the Institutions under its jurisdiction to pay the court costs and expenses set forth in the above named statute (22 O.S., 1277)? "2. If there is a mandatory duty to pay said court costs and expenses, to whom should said payments be made? "3. In the absence of any line-item appropriation for this purpose is it mandatory that said payments be made from the operating expenses of the Department of Corrections or the Institutions under its jurisdiction? "4. What is the effect of the failure of an Institution to certify to the prosecuting attorney filing a case that there is sufficient funds on hand for payment of costs and expenses as set forth in said statute prior to final disposition of the case?" You state that the Court Clerks of Pittsburg and McIntosh Counties have presented claims for these costs and expenses to the Department of Corrections and that these claims have not been paid. You further state that a critical situation has arisen in Pittsburg County because the litigation involving prisoners has significantly depleted the Court Fund in Pittsburg County. Title 22 O.S. 1277 [22-1277] (1971), is the statute that is controlling in this case and states: "From and after the passage and approval of this act, the cost and expenses except statutory county fees in criminal cases, provided in 28 O.S. 1951 38 [28-38], of criminal prosecutions conducted in any county in this state for violation of any criminal law committed by any prisoner of any penal institution or state training school of this state, whether confined therein, permitted to be at large as a trusty or otherwise, or in the furtherance of an escape, flight, or concealment as a fugitive from said institution or state training school and the cost of any habeas corpus proceedings instituted by any prisoner of any penal institution or state training school shall be charged to the State of Oklahoma and shall be paid for out of any funds provided for the support and maintenance of the institution of which the person committing such crime, or instituting such habeas corpus proceedings, is a prisoner, upon the filing of a verified and itemized claim therefor by the county attorney conducting such prosecution, or the court clerk of such county in the cases of habeas corpus proceedings. Provided that the costs and expenses of any such criminal prosecution, regardless of whether the case be tried, dismissed, or otherwise disposed of, shall include the expense and charge of removing, delivering, and keeping the prisoner, the per diem allowance and mileage and expense including meals and lodging of the jury trying the case and the per diem allowance and mileage of the whole panel of jurors in attendance during the trial, stenographer's fees, and the per diem, fees and mileage of sheriff, court and jury bailiffs during the time said case is on trial, witness fees and mileage where the same are required by law to be paid by the county, and such other expenses as are incident to the trial, as well as the fee of any attorney appointed by the court under authority of 22 O.S. 464 [22-464] (1951), as amended, or under authority of 22 O.S. 1271 [22-1271] (1951), as amended by Section 1, Chapter 25, Title 22, page 200, O.S.L. 1955, to defend in such a criminal prosecution. It is further provided that the warden or superintendent of such institution shall certify to the county attorney filing such case, in each such case, that there is sufficient funds on hand for payment of costs and expenses as above set forth, prior to final disposition thereof. As amended Laws 1961, p. 238, 1." With reference to question 1, this statute states, in part: ". . .The costs and expenses . . . of criminal prosecutions conducted in any county in this state for violation of any criminal law committed by any prisoner of any penal institution or state training school . . . and the cost of any habeas corpus proceedings instituted by any prisoner . . . shall be charged to the State of Oklahoma and shall be paid out of any funds provided for the support and maintenance of the institution of which the person committing such crime, or instituting such habeas corpus proceedings is a prisoner . . ." (Emphasis added) Thus, the statute is clear and direct in that it is mandatory on the institution in which the prisoner charged is located to pay these costs and expenses. With reference to question 2, the statute is not specific as to whom the payments should be made. However, these costs and expenses are those that are related to court proceedings and are considered as court costs in typical criminal and civil proceedings; thus, the payments should be made to the Court Clerk and the Court Clerk can then disburse to the appropriate persons in the same way as done in a typical criminal or civil proceeding. With reference to question 3, this statute states in part: ". . . The cost and expenses . . . shall be paid out of any funds provided for the support and maintenance of the institution of which the person committing such crime, or instituting such habeas corpus proceeding, is a prisoner . . ." Thus, the payments are to be paid from the funds provided for the support and maintenance of the particular institution in which the person charged is a prisoner. With reference to question 4, the statute states in part: "It is further provided that the warden or superintendent of such institution shall certify to the county attorney filing such case, and each such case, that there is sufficient funds on hand for payment of costs and expenses as above set forth prior to final disposition thereof." Thus, before anything is paid out, the warden or superintendent of the institution involved is to certify that there are sufficient funds for this purpose. As to past payments to the counties without the required certification, these payments should not be set aside if there were sufficient funds available for the reason that these payments were for valid claims for costs and expenses. In the future, however, no payment should be made until the statutory requirement of certification is met. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: There is a mandatory duty on the institution in which the prisoner is housed to pay the costs and expenses set forth in 22 O.S. 1277 [22-1277] (1971). It is further the opinion of the Attorney General that your second question be answered as follows: The required payments under 22 O.S. 1277 [22-1277] (1971), should be made to the Court Clerk, who then can disburse to the appropriate persons as is done in typical criminal and civil proceedings. It is further the opinion of the Attorney General that your third question be answered as follows: It is mandatory that the payments be made from the funds provided for the support and maintenance of the particular institution in which the person charged is a prisoner. It is further the opinion of the Attorney General that your fourth question be answered as follows: Concerning a past payment to the counties, the failure of the institution to certify to the prosecuting attorney that there were sufficient funds on hand should have no effect if, in fact, there were sufficient funds for the payment of these costs and expenses. As to future payments, however, no payment should be made until the statutory requirement of certification is met. (Todd Markum)